{¶ 25} I respectfully dissent.
 {¶ 26} Article XIV, Section 1408 of the Weathersfield Township Zoning Resolution provides: "3. In an agricultural or residential district, the parking or storage of heavy equipment used for business purposes is prohibited." Article I defines "heavy equipment" as "[e]quipment used for business purposes, including vehicles such as cranes, backhoes, bulldozers, earth-moving equipment, power shovels and related *Page 9 
equipment; and fixed equipment used for business purposes such as a press or other such production machinery and related items used for business."
 {¶ 27} The evidence in the instant matter is clear that appellant did not use his backhoe for business purposes. Rather, he uses it only for personal use, mainly to do landscape work on his property. Notwithstanding the state's concession and the trial court's determination that appellant's backhoe was not used by him for business purposes, he was found guilty of parking heavy equipment "used for business purposes" on his agricultural property in violation of Section 1408.
 {¶ 28} This writer believes the trial court erred by interpreting that the language in Section 1408 means that heavy equipment by definition includes a backhoe as equipment used for business purposes. Appellant's backhoe is not even a piece of "heavy equipment" which can be regulated under Section 1408.
 {¶ 29} For the foregoing reasons, I would reverse the judgment of the trial court. *Page 1